IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEROME WALKER,

    Plaintiff,

v.

Case No. 19-cv-451-bbc

Mr. BOUGHTON, Mr. BROADBENT,
Ms. KROENING, Mr. CLINE, Mr. GAGE,
Ms. VANCE, Lt. FISHCER and any other
JOHN or JANE DOE(s) to be named, et al.,

    Defendants.

## 42 U.S.C. §1983 CIVIL COMPLAINT

### JURISDICTION & VENUE

This court has jurisdiction over this action in 28 U.S.C sections 1331 and 1343(3) & (4). The matters in controversy arise under 42 U.S.C §1983.

### PARTIES

A. PLAINTIFF, JEROME WALKER (#328029), was at all times relevant hereto confined at the Wisconsin Secure Program Facility.

B. DEFENDANTS, Mr. BOUGHTON, Warden; Mr. BROADBENT, Unit Mgr.; Ms. KROENING, Prog. Dir.; Mr. CLINE, Educ. Dir.; Mr. GAGE, Educ. Dir.; Ms. VANCE, Teacher; Mr. KOOL, ADA Coord.; and Lt. FISCHER (formerly Sgt. Fischer); and other JOHN or JANE DOE(s) to be named are all and were at all times relevant employed at the Wisconsin Secure Program Facility and all were acting 'under color of state law' and are each sued in both his/her individual capacity and his/her official capacity.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

C. Plaintiff has carried out and completed all requirements of the Wisconsin Administrative Code 310 grievance process in compliance to its rules concerning the facts in this complaint and as is outlined in detail in the paragraphs of this complaint.

## NOTICE Of CLAIM

D. Pursuant to Wis. Stat. Section 893.82 Plaintiff mailed by Certified Mail a Notarized NOTICE IF INJURY AND CLAIM to the Dept. of Justice on Dec. 7, 2018.

## PLAINTIFF'S DISABILITY

C. Plaintiff who is an adult suffers from a learning disability that he has dealt with his entire life and which affects his skills in reading, writing and spelling. Plaintiff's reading and writing skills do not go beyond the 3rd grade level. Plaintiff cannot process information like the average person, such as reading or spelling words with more than 3 letters. Plaintiff finds it impossible to read words in paragraphs and everything the DOC has in its rule and policy books or posted memos. Plaintiff even had a hard time following certain conversations when words are used he is unfamiliar with. Plaintiff was assigned a personal tutor to assist with education needs, but also with daily incoming & outgoing mail, institution forms, file reviews, law library, disciplinary proceedings and often the reading of memos, and the KIOSK machine to send & read emails. Without the help of a personal tutor plaintiff would find himself unable to function on many matters daily. Plaintiff's disability has been with him his entire life from childhood and through adulthood, where shame and embarrassment has been a part of his disability.

## STATEMENT OF CLAIM

Plaintiff brings both Federal and State Claims against the defendants for Discrimination and Violation of A.S.A. laws.

## CLAIM I

On July 31, 2018, plaintiff attempted to request for assistance with the Unit KIOSK machine. The KIOSK machine is designated for inmates to use to send & receive emails from their family.

Plaintiff who has a diagnosed learning disability made a verbal request to Sgt. Fischer to allow for plaintiff's assigned tutor to be allowed to assist him with using the KIOSK machine. However, Sgt. Fischer denied this request made by the plaintiff.

Plaintiff explained Sgt. Fischer that the very purpose of his tutor was to assist him in day-to-day activities that, involved, but were not limited to matters involving writing; reading $ spelling. Sgt. Fischer simply told the plaintiff, "you need to an education."

Although plaintiff was embarrassed by the comment of Sgt. Fischer, plaintiff explained to Sgt. Fischer that, the tutor was assigned to assist the plaintiff due to plaintiff's learning disability. Again, Sgt. Fischer simply told the plaintiff, "I'm not letting your tutor out, you just won't be sending out any emails today."

2

Prior to July 31, 2019 plaintiff sought a solution with Mr. Broadbent, Unit Mgr. who makes all approvals for time with the tutor and other special circumstances for inmates to be out their cells. Plaintiff also sought a solution by the same correspondence to his assigned teacher Ms. Vance and Mr. Boughton, Warden. None of them responded to this correspondence.

Plaintiff informed Mr. Boughton, Mr. Broadbent and Ms. Vance that, the 3 hrs. per week with his tutor are being can,celled, cut short and make-up time is being denied. Also, plaintiff made it known that due to his learning disability he needed additional time with his tutor for matters outside of education such as; legal mail, personal mail and institution related communications. All of this before July 31, 2019.

Plaintiff was denied access to the KIOSK machine available to all inmates. However, plaintiff was obstructed from using the KIOSK machine due to plaintiff's learning disability. Plaintiff sought assistance from his assigned tutor and was also denied this request, which in turn made it impossible for the plaintiff to use the KIOSK machine without assistance.

EXHAUSTION OF ADMINSTRATIVE REMEDIES.

On Aug. 1, 2018, plaintiff filed a DOC-400 INMATE COMPLAINT for: 'Was denied assistance with KIOSK & Program Material.'

On Aug. 2, 2018, the ICE acknowledged said Comp. No. 2018-16508 and DISMISSED said complaint on Aug. 8, 2018.

On Aug. 10, 2018, plaintiff appealed Comp. No. 2018-16508, which was acknowledged on Aug. 24, 2018.

On Aug. 29, 2018, the CCE DISMISSED Comp. No. 2018-16508.

PARTIES RESPONSIBLE.

Defendants Fischer, Broadbent, Vance and Boughton are all responsible for the Federal and State Law Discrimination violations and the State Law A.D.A violations when plaintiff was denied equal access to the KIOSK machine due to his learning disability. Defendant Fischer was the Sgt. on the unit and had the authority and ability to allow plaintiff access to his tutor for assistance with KIOSK machine. Defendant Broadbent as the Unit Mgr. had the duty to make sure both emails and memos were posted for staff to know that, plaintiff's assigned tutor was allowed to assist him with the KIOSK machine. Defendant Vance as plaintiff's teacher had the authority and responsibility to make staff aware of plaintiff's need for his tutor to assist him with the KIOSK machine. Defendant Boughton as the Warden had the responsibility to ensure that, plaintiff was treated fairly and had the same opportunities, as well other inmates had and failed to due so.

## CLAIM II

Plaintiff brings forth both Federal and State Claims against the defendants for Discrimination and violation of A.D.A Laws.

On July 29, 2018, plaintiff sent a letter to Mr. Boughton, Ms. Kroening, Mr. Broadbent, and Mr. Cline RE: Learning Disability. Plaintiff requested a "solution" to having adequate time with his assigned tutor to aide him with day-to-day matters with mail, law library, institution forms and going over the DOC/DAI rules and policies. Plaintiff was unable to do any of it alone due to his disability. Only Mr. Boughton responded to plaintiff's letter.

Plaintiff was limited to 3 days a week, at 1 hour per day to receive assistance from his tutor.

Plaintiff would find himself unable to read and respond to daily personal and/or legal mail. Plaintiff had difficulty in the law library, as his tutor was not allowed in there with him due to scheduling.

Plaintiff had to choose between education or personal mail for the limited 1 hour. Staff would not assist plaintiff and asking another inmate was embarrassing. Also, no other inmate workers were obligated to confidentiality like my assigned certified tutor.

Plaintiff would be subjected to cancellations and other matters out of his control. This in turn often left plaintiff to only 1 hour a week or no hours in an entire week.

Plaintiff asserts that, this institution allowed inmate mentors daily access to talk with other inmates. However, plaintiff was subjected to daily cancellations, hurdles and problems when he needed to see his tutor.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

On Aug. 3, 2018, plaintiff filed Comp. No. 2018-16731 stating 'Denied assistance with aide due to my DIAGNOSED LEARNING DISABILITY.'

On Aug. 6, 2018, the CCE acknowledged said complaint and DISMISSED it on Aug. 9, 2018.
*THE CCE was in CONTACT with Ms. Vance for the investigation of Comp. No. 2018-16731.*

Plaintiff appealed Comp. No. 2018-16731 on Aug. 20, 2018, which the CCE DISMISSED on Aug. 27, 2018.

4

## PARTIES RESPONSIBLE

Defendants Boughton, Broadbent, Kroening, Cline, Vance, and Kool are all responsible for the Federal and State Law Discrimination violations and the State Law A.D.A violations when they all refused to allow plaintiff adequate access to assistance with day-to-day matters effected by his learning disability. All of the named defendant's had absolute authority to authorize adequate and additional time for assistance. All of the defendant's by their position: Boughton, Warden; Broadbent, Unit Mgr.; Kroening, Prog. Dir.; Cline, Educ. Dir.; Vance, Teacher; and Kool, A.D.A Coord. All held responsibility to ensure plaintiff had access to reasonable assistance and the same opportunity afforded all inmates. Defendant's failed to do so.

## CLAIM III

Plaintiff brings forth both Federal and State claims against the defendant's for Discrimination and violation of A.D.A Laws.

On Oct. 1, 2018, plaintiff sent a letter to Mr. Boughton and Mr. Kool RE: Learning Disability/Accommodations. Plaintiff specifically requested assistance with the Law Library, KIOSK machine, Inst. Forms and writing letters. Plaintiff was assigned 3 days at 1 hour & 1/2 each day, but these days were being randomly cancelled and my tutor was directed to only assist me with academic work.

Plaintiff was directed to complete a DOC-2530 REASONABLE MODIFICATION/ ACCOMMODATION REQUEST, which was denied by Kool.

Plaintiff was again left unable to use the KIOSK machine, law library and putting personal mail on hold to have read to him and responded to for weeks at a time.

Plaintiff's tutor even explained to Mr. Broadbent the importance of plaintiff needing these accommodations. No other stuff and/or inmate workers were ever assigned to help plaintiff. Also, due to institution rules plaintiff was not allowed to pass another inmate his personal or get assistance on the KIOSK machine.

## EXHAUSTION OF ADMINSTRATIVE REMEDIES

On Oct. 9, 2018, plaintiff filed Comp. No. 2018-21357 stating 'Denied ADA ACCOMMODATIONS DUE TO: Learning Disability.'

On Oct. 10, 2018, the CCE acknowledged said complaint and DISMISSED it on Oct. 11, 2018.

Plaintiff appealed Comp. No. 2018-21357 on Oct. 22, 2018, and the CCE DISMISSED it on Oct. 30, 2018.


## PARTIES RESPONSIBLE

Defendants Boughton, Kool, and Broadbent are all responsible for the Federal and State Law Discrimination violations and the state law A.D.A violations when they all collectively denied the plaintiff REASONABLE ACCOMMODATIONS. Plaintiff went beyond his ability seeking assistance and accommodations for his learning disability. Defendants all were in authoritative positions to approve and stipulate accommodations, but all did nothing. Defendants denied plaintiff the same access and same accommodations afforded all inmates.

## CLAIM IV

Plaintiff brings forth both Federal and State claims against the defendant's for Discrimination and violation of A.D.A Laws.

On Nov. 11, 2018 plaintiff requested to be placed in school by writing to Mr. Cline, Educ. Dir. and Ms. Vance, Teacher responded to the request stating the class is full.

Plaintiff has requested the needed schooling for over 8 months. Over half a dozen inmates were allowed in school who made their request after me. Also, Ms. Vance informed the plaintiff's tutor that, 'Walker would not be able to keep up with the class' when plaintiff's tutor asked for plaintiff to be allowed schooling.

On days plaintiff was allowed to see his tutor and school was going on, Ms. Vance would direct the tutor to take plaintiff to another room. Plaintiff was always embarrassed behind this.

Plaintiff has been denied enrollment into school due to his learning disability. To this day plaintiff is still not allowed placement in school.

All other inmates with an educational need are allowed enrollment in school, as log as security approves. Plaintiff had no security restrictions.

## EXHAUSTION OF ADMINSTRATIVE REMEDIES

On Dec. 4, 2018, plaintiff filed Comp. No. 2018-24959 stating 'Discrimination by the Education Dept. (ie. Mr. Cline, Mr. Gage & Ms. Vance) for denying my placement in school due to my learning disability.'

On Dec. 5, 2018, the CCE REJECTED Comp. No. 2018-24959 claiming it was previously addressed.

On Dec, 7, 2018, plaintiff appealed the REJECTION and on Jan. 15, 2018, Defendant Boughton accepted Comp. No. 2018-24959 being rejected.

6

## PARTIES RESPONSIBLE

Defendants Boughton, Cline, Vance, and Gage are all responsible for the Federal and State Law Discrimination violations and the state law A.D.A violations when they all prevented plaintiff from school enrollment due to his learning disability. Defendant Boughton continuously turned a blind eye to the discrimination plaintiff was subjected to. Boughton, Cline, Vance, and Gage all had the authority to have plaintiff enrolled in school. Defendants allowed for and put forth a campaign of discrimination. There was a collective discrimination against the plaintiff by all the defendants. Boughton could have remedy the matter at the 'complaint' and prior. Cline, Vance, and Gage all as Education Dept. staff could have enrolled plaintiff into the school.

## APPROPRIATE AUTHORITY OF LAW

Plaintiff is confident this court is familiar with the relevant case law regarding plaintiff's claims. Plaintiff is pro se, with the help of another inmate and has confidence in this court to see his claims go forth with the already established precedent.

## **RELIEF REQUESTED**

Plaintiff further requests that this court:

1) Declare that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States;
2) Trial by jury;
3) and grant other just and equitable relief that this court deems necessary.

Pursuant to 28 U.S.C §1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 1st day of June, 2019.

/s/. Jerome Walker

Jerome Walker
#328029
Wisc. Secure Prog. Facility
P.O. Box 1000
Boscobel, WI 53805